NUNC PRO TUNC OPINION
{¶ 1} Defendant-appellant Charles Tuttle appeals his conviction and sentence entered by the Delaware County Municipal Court on a charge of assault. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On November 22, 2003, a criminal complaint was filed charging appellant with assault. On November 25, 2002, appellant plead not guilty. This matter proceeded to jury trial on January 3, 2003, wherein appellant represented himself. The following evidence was adduced at trial.
 {¶ 3} The alleged victim, Mr. Jack Bauer, is the former father-in-law of appellant. Bauer's daughter has custody of the appellant's five children, and appellant had visitation rights with four of the children. A Delaware Juvenile Court Order established a visitation pick up and delivery location at the Genoa Township Fire Department, located in Delaware County, Ohio. On the date of the incident, appellant returned the children from his visit, and Bauer arrived to pick up the children and subsequently deliver them to their mother.
 {¶ 4} Bauer arrived at the fire department first. Appellant then arrived with the four children. Appellant purchased ice cream cones for the children, and the children entered Bauer's van with the cones. A discussion arose between Bauer and appellant regarding the children eating the ice cream cones in the van. Bauer then obtained a paper bag and put the ice cream cones into the bag. Appellant also had an ice cream cone, which he held in his hand during the subsequent confrontations between himself and Bauer.
 {¶ 5} At trial, Bauer testified while affixing one of the children's seatbelt, appellant hit him in the back. Bauer turned around and swung at appellant, but missed. Appellant and Bauer engaged in a second verbal exchange. As Bauer started walking around the van, appellant again hit him from behind. Bauer again turned to swing at appellant and missed.
 {¶ 6} Bauer further testified that during the incident, the front door of the van remained open, and he could hear the children at that time. He testified the children were upset and crying, and yelled out, "Dad, don't hit Grandpa. Leave him alone, he didn't do anything." However, Bauer was not able to testify as to whom, among the four children, made the statement. The Trial Court overruled appellant's objection to the statements, finding the excited utterance exception to the hearsay rule applied.
 {¶ 7} Bauer returned to the vehicle, and called the Genoa Township Police on his cell phone. The responding officer, Officer Yurkovich, arrived within two minutes. At that point, appellant had entered the fire department. Bauer told the officer his version of the events in the presence of the children. Bauer testified the children were "very upset" at this time. The trial court overruled appellant's objection to this testimony.
 {¶ 8} Appellant testified he was attempting to strap the child into the seatbelt, when Bauer hit him on the side of the head. At that point, he turned around and pushed the ice cream cone into Bauer's face to get away from him. Appellant stated he had no intent of hitting Bauer, striking him or using his fist.
 {¶ 9} Officer Yurkovich went to speak with appellant, and returned to Bauer's van within four to five minutes. Officer Yurkovich testified the children were "excited" and "upset." Officer Yurkovich told Bauer appellant alleged Bauer had hit him first. At trial, both Bauer and Officer Yurkovich testified, upon hearing appellant's allegations, the children yelled out, "that's not true, Dad hit Grandpa." Officer Yurkovich testified they "were screaming" and "were real excited" when they made the statement. The trial court overruled appellant's hearsay objection to the statements.
 {¶ 10} After hearing all of the evidence, the jury returned a verdict of guilty, and on January 24, 2003, appellant was sentenced to 180 days in the Delaware County Jail, with 120 days suspended. He was placed on probation for two years. Appellant timely appealed, raising the following assignments of error:
 {¶ 11} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ALLOWING TWO PROSECUTION WITNESSES TO TESTIFY ABOUT STATEMENTS ALLEGEDLY MADE TO THEM BY THE APPELLANT'S MINOR CHILDREN CONCERNING THE INCIDENT BETWEEN THE APPELLANT AND THE ALLEGED VICTIM.
 {¶ 12} "II. THE APPELLANT WAS DENIED DUE PROCESS OF LAW AND A FAIR TRIAL BECAUSE THE TRIAL COURT REFUSED TO ALLOW THE APPELLANT TO CALL CERTAIN WITNESSES AND BECAUSE THE APPELLANT'S SUBPOENAS WERE NOT HONORED."
 I. {¶ 13} Appellant, in his first assignment of error, maintains the trial court erred in permitting Bauer and Officer Yurkovich to testify about statements made to them by the minor children concerning the incident between appellant and Bauer.
 {¶ 14} The admission or exclusion of evidence rests within the sound discretion of the trial court. State v. Sage (1987),31 Ohio St.3d 173. Therefore, we will not disturb a trial court's evidentiary ruling unless we find said ruling to be an abuse of discretion; i.e. unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. State v. Adams (1980), 62 Ohio St.2d 151.
 {¶ 15} Evid.R. 803 provides, in relevant part:
 {¶ 16} "The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
 {¶ 17} "(2) Excited Utterance: A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."
 {¶ 18} In State v. Wallace (1988), 37 Ohio St.3d 87, 89, the Supreme Court of Ohio, citing Potter v. Baker (1955), 162 Ohio St. 488, set forth a four part test to determine what constitutes an excited utterance:
 {¶ 19} "a) that there was some occurrence startling enough to produce a nervous excitement in the declarant, which was sufficient to still his reflective faculties and thereby make his statements and declarations the unreflective and sincere expression of his actual impressions and beliefs, and thus render his statement or declaration spontaneous and unreflective,
 {¶ 20} "(b) that the statement or declaration, even if not strictly contemporaneous with its exciting cause, was made before there had been time for such nervous excitement to lose a domination over his reflective faculties, so that such domination continued to remain sufficient to make his statements and declarations the unreflective and sincere expression of his actual impressions and beliefs,
 {¶ 21} "(c) that the statement or declaration related to such startling occurrence or the circumstances of such startling occurrence, and
 {¶ 22} "(d) that the declarant had an opportunity to observe personally the matters asserted in his statement or declaration."
 {¶ 23} Based upon our statement of facts set forth above, we find the trial court did not abuse its discretion in concluding the statements made to Bauer and to Officer Yurkovich fall within the excited utterance exception to the hearsay rule. We note, due to concerns raised by appellant regarding the opportunity for reflection and the lack of identity as to the declarant, we likewise would not have found an abuse of discretion had the trial court, alternatively, excluded the evidence.
 {¶ 24} Appellant's first assignment of error is overruled.
 II. {¶ 25} Appellant, in his second assignment of error, maintains the trial court denied him due process of law and a fair trial by quashing subpoenas issued to certain witnesses and ruling testimony inadmissible.
 {¶ 26} Specifically, appellant argues the trial court erred in either quashing the subpoenas or in not allowing testimony as to five specific witnesses: Officer Jason Lawless, one of the investigating officers in the incident; Judge Thomas E. Louden of the Delaware County Juvenile Court; Rose L. Powers of the Delaware County Department of Job and Family Services; O. Ross Long, appellant's attorney in his domestic proceedings; and Faith Walzak, a court appointed special advocate for the juvenile court.
 {¶ 27} Prior to commencing trial, the trial court inquired of appellant whether or not he requested a continuance in the matter, to which appellant answered he was not.
 {¶ 28} The trial court sustained a motion to quash the subpoena of Officer Lawless. Appellant proffered to the trial court he was present at the police department when Officer Lawless received the subpoena. However, upon review of the clerk's docket, the trial court did not find credible evidence of completed service of the subpoena. Appellant did not proffer to the court the subject matter or relevancy of Officer Lawless' expected testimony. In his brief to this court, appellant only speculates Officer Lawless' testimony would have been beneficial to his case.
 {¶ 29} The trial court entertained the motion to quash the subpoena of Judge Louden on the record. Appellant stated for the court:
 {¶ 30} "MR. TUTTLE: As we stated in the back room for the record, Judge Louden would be able to define the terms and conditions of which the exchange of the visitations are; he would be able to determine and define for this court the circumstances under which these events may or may not have occurred and the motives behind the events. He gave specifically unsupervised visitation to me, he can probably impeach the testimony of the witness if the witness states otherwise." Tr. at 4.
 {¶ 31} The Court held:
 {¶ 32} "The Court's going to sustain the motion to quash, if there are specific visitation orders in, that are somewhat relevant to this matter, they are public record and can be secured without the testimony of Judge Louden —
 {¶ 33} "MR. TUTTLE: Your Honor, they are not a public record.
 {¶ 34} "THE COURT: Mr. Tuttle, please. The court does not feel that Judge Louden can provide anything specific regarding the alleged events. I will, as I am limiting the testimony based on this entry, I will similarly limit the state's ability to bring up matters that are not relevant to the issue at hand, would also admonish the state that if they were to start moving into areas beyond the scope of the charging document, the court may have to reconsider its order and would grant necessary continuances at that time. At this time the court is going to sign the judgment entry." Tr. at 7.
 {¶ 35} Similarly, the trial court entertained the motion to quash the subpoena of Rose Powers on the record. Appellant proffered Ms. Powers' testimony as follows:
 {¶ 36} "Bauer testified that he never called me a professional liar at the top of his lungs; never had to apologize to the case worker, in front of the case worker at Magic Mountain when this incident happened. And he's already testified that never took place, and Ms. Powers is the person that's privy to that incident and was — he apologized to her for that incident." Tr. at 47.
 {¶ 37} The following exchange took place:
 {¶ 38} "THE COURT: This has all been on the record. I don't believe Ms. Powers can add anything as to this incident to the extent, even if that were true and even if it were arguably admissible it doesn't warrant—
 {¶ 39} "MR. TUTTLE: She also, your honor, can testify that they implemented a plan on exchange, didn't notify the Court and didn't notify us.
 {¶ 40} "THE COURT: Whether or not—
 {¶ 41} "MR. TUTTLE: It was contrary.
 {¶ 42} "THE COURT: Whether there was a plan or not a plan, whether that plan was followed or not followed, in the opinion of this Court is not germane to this issue. Motion to quash sustained." Tr. at 48-49.
 {¶ 43} The Court voir dired Mr. Long and Ms. Walzak on the record, but outside of the presence of the jury. Both Mr. Long and Ms. Walzak indicated they would not testify as to the incident in question, and the Court found the remainder of their expected testimony not relevant to the proceedings. Accordingly, the Court did not allow appellant to call either as a witness before the jury.
 {¶ 44} We find the trial court did not abuse its discretion by quashing the subpoenas for Officer Lawless, Judge Louden, and Ross Powers or ruling the testimony of Ross Long and Faith Walzak inadmissible.
 {¶ 45} Civ.R. 45(C)(3)(d) provides that a court shall quash a subpoena if it subjects a person to undue burden. Civ.R. 45(C)(5) states that motions pursuant to Civ.R. 45(C)(3)(d) shall be granted unless the party issuing the subpoena shows a substantial need for the testimony that cannot be otherwise met without undue hardship. Appellant does not contend the subpoenas were not burdensome, and appellant has failed to demonstrate a substantial need for the testimony that could not otherwise be met without undue hardship. Id.
 {¶ 46} Appellant's second assignment of error is overruled.
 {¶ 47} The judgment of the Delaware County Municipal Court is affirmed.
By: Hoffman, J., Gwin, P.J., and Farmer, J. concur.